# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### JULY 22, 2003 Session

## STATE OF TENNESSEE v. MICHAEL D. MARTIN

**Appeal from the Criminal Court for Sullivan County**
**No. S46,013     R. Jerry Beck, Judge**

_____

**No. E2002-03005-CCA-R3-CD**
**January 28, 2004**
_____

Gary R. Wade, P.J., concurring.

In <u>Lester Johnson v. State</u>, No. E2001-00019-CCA-R3-PC (Tenn. Crim. App., at Knoxville, July 11, 2002), and <u>State v. Jimmy D. Goode</u>, No. E2000-02829-CCA-R3-CD (Tenn. Crim. App., at Knoxville, Nov. 19, 2001), I authored opinions indicating that the finding of an emergency is the only time a trial court might suspend the sentence of an individual convicted of a violation of Tennessee Code Annotated section 55-10-616. <u>Johnson</u> was a post-conviction case in which the petitioner alleged bias on the part of the trial judge. The holding in <u>Goode</u> was that an actual emergency is not only a defense to prosecution under the Motor Vehicle Habitual Offenders Act, but also a factor which could be considered at sentencing in the event of a conviction. In <u>State v. Ricky Fife</u>, No. 03C01-9401-CR-0036 (Tenn. Crim. App., at Knoxville, June 15, 1995), however, a panel of this court had held that the 1989 Act superseded the terms of Tennessee Code Annotated section 55-10-616(c), thereby providing sentencing alternatives absent an emergency. Our research indicates that other panels of this court, relying upon the holding in <u>Fife</u>, have established a conflicting line of authority. After further review, I am persuaded by the majority that the terms of the 1989 Act, so comprehensive in nature, should apply, thereby affording the trial court with more flexibility in the sentencing of habitual motor vehicle offenders. The facts here demonstrate why it is so important for trial judges to have wide discretionary authority in matters of sentencing.


_____
GARY R. WADE, PRESIDING JUDGE